**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4162

STEVE WAY,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Irene M. Keeley, District Judge.
(CR-96-4)

Submitted: September 9, 1997

Decided: September 23, 1997

Before HAMILTON and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James T. Kratovil, KRATOVIL LAW OFFICES, Charles Town,
West Virginia, for Appellant. William D. Wilmoth, United States
Attorney, Sherry L. Muncy, Assistant United States Attorney, Elkins,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Steve Way, who pled guilty to conspiracy to transport stolen motor vehicles in interstate commerce,[1] appeals his conviction and sentence claiming that the district court erred by refusing to allow him to withdraw his guilty plea. Further, Way asserts that the district court erred by denying him a two-point downward adjustment in his base offense level under U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 (1995).

After a review of the record, we find no reversible error. Therefore, we affirm Way's conviction and sentence.

First, Way claims that the district court erred by refusing to grant his motion to withdraw his guilty plea. Rule 32(e) of the Federal Rules of Criminal Procedure provides that a court may permit withdrawal of a guilty plea if the motion is made before sentencing and if the defendant establishes any "fair and just" reason for withdrawal of the plea.[2] Way has the burden of showing a "fair and just" reason for the withdrawal,[3] and we review a motion to withdraw a plea under an abuse of discretion standard.[4]

In his motion to withdraw his guilty plea, Way claimed that his plea should be withdrawn because he misunderstood the possible length of his incarceration. Additionally, he asserted that he was not competent to plead guilty due to a lack of education and intelligence. Way's claims are without merit. The district court did not abuse its discretion by denying Way's motion to withdraw his guilty plea

_____

[1] **See** 18 U.S.C. §§ 371, 2312 (1994).
[2] **See United States v. Hyde**, ___ U.S. ___, 65 U.S.L.W. 4369 (U.S. May 27, 1997) (No. 96-667).
[3] **See** FED. R. CRIM. P. 32(e); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).
[4] **See Moore**, 931 F.2d at 248.

2

because Way is in fact guilty of conspiring to transport stolen motor vehicles in interstate commerce. At the FED. R. CRIM. P. 11 hearing, Way stated under oath that he was in fact guilty of the crime charged. His statements at the Rule 11 colloquy are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise.[5]

Furthermore, Way never made credible assertions of innocence or established that his plea was unknowing or involuntary. The district court thoroughly questioned Way to ensure that he was competent to enter a plea and that he understood the nature and consequences of his plea. Specifically, the court inquired into Way's education, mental health, use of drugs or medication, and whether Way understood all the rights he was forfeiting by pleading guilty. Way acknowledged that he understood his rights, consulted with counsel, understood the consequences of his plea, and was freely and voluntarily pleading guilty. The court also informed Way of the maximum sentence he could receive; however, an accurate estimate of his sentence was not possible until the presentence report was prepared. Way responded that he understood and that he realized that he could not withdraw his guilty plea if his sentence was more severe than anticipated. Thus, the plea should be upheld because Way made an intelligent and informed decision when he voluntarily pled guilty.[6] The appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding.[7]

Finally, Way argues that his guilty plea mandates an acceptance of responsibility award. We find no merit in this challenge. The burden is on Way to show that he is entitled to a downward adjustment,[8] and "the district court's decision not to reduce the offense level [on acceptance of responsibility grounds] will not be disturbed unless clearly erroneous."[9] The sentencing judge is in a unique position to evaluate

_____

[5] **See Blackledge v. Allison**, 431 U.S. 63, 73-74 (1977).
[6] **See North Carolina v. Alford**, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).
[7] **See United States v. Lambey**, 974 F.2d 1389, 1394 (4th Cir. 1992) (in banc).
[8] **See United States v. Myers**, 66 F.3d 1364, 1371 (4th Cir. 1995).
[9] **United States v. Curtis**, 934 F.2d 553, 557 (4th Cir. 1991).

a defendant's acceptance of responsibility,**10** and given Way's attempt to withdraw his guilty plea and equivocal statements at sentencing, we do not think that the district court erred in denying credit for acceptance of responsibility.

Accordingly, we affirm Way's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**10** USSG § 3E1.1, comment. (n.5) (1995).

4